

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 18 CR 286 |
| | ) | |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Sections 241, 371, 641, |
| XAVIER ELIZONDO, | ) | 1001(a)(2), 1512(b)(2)(B), 1519, and 2 |
| also known as "X," and | ) | JUDGE KENNELLY |
| DAVID SALGADO | ) | MAGISTRATE JUDGE COLE |
| | ) | **SUPERSEDING INDICTMENT** |

### COUNT ONE

The SPECIAL JUNE 2018 GRAND JURY charges:

1. At times material to this superseding indictment:

    (a) The Chicago Police Department ("CPD") was an agency of the City of Chicago, a local government located in the Northern District of Illinois.

    (b) The CPD received in excess of $10,000 in federal funding during the period from April 1, 2017, through March 31, 2018.

    (c) XAVIER ELIZONDO, also known as "X," was employed as a CPD officer. ELIZONDO held the position of sergeant and oversaw one of the CPD's Area Central gang teams assigned to Chicago's 10th District. As a CPD officer, ELIZONDO was an agent of the City.

    (d) DAVID SALGADO was employed as a CPD officer and was assigned to ELIZONDO's 10th District gang team. As a CPD officer, SALGADO was an agent of the City.

(e) CPD officers could apply to judges of the Circuit Court of Cook County, Illinois, for search warrants that would authorize the officers to enter and search physical locations, such as a home. A "J. Doe" search warrant was a particular type of search warrant that could be obtained from a Cook County judge, by relying upon information provided by a confidential informant. In order to obtain a "J. Doe" search warrant from a Cook County judge, a CPD officer had to submit a search warrant application, including a sworn complaint that contained truthful information that justified the search of a particular location. In the sworn complaint, the CPD officer was required to detail the information provided by a confidential informant concerning criminal activity, and the confidential informant was referred to as "J. Doe" to protect the confidential informant's identity. The CPD officer was also required to bring the confidential informant before the Cook County judge, so that the judge could observe and examine the confidential informant to assess the truthfulness of the informant's information.

(f) State law and CPD regulations required CPD officers to inventory property obtained from searches, and maintain custody of all seized property pending return of the property to the owner, or alternative judicial disposition of the property. State law and CPD rules precluded CPD officers from converting property obtained during searches to personal use, or using property obtained during searches to pay confidential informants.

(g) Confidential Informant A was a resident of Chicago who, in exchange for payment, provided information to ELIZONDO and SALGADO in support of "J. Doe" search warrants.

(h) Confidential Informant B was a resident of Chicago who, in exchange for payment, provided information to ELIZONDO and SALGADO in support of "J. Doe" search warrants.

2. Beginning no later than in or around July 2017 and continuing until at least in or around January 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

XAVIER ELIZONDO,
also known as "X," and
DAVID SALGADO,

defendants herein, did knowingly conspire with each other and with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to embezzle, steal, obtain by fraud, and otherwise without lawful authority knowingly convert to the use of any person other than the rightful owner and intentionally misapply, property that was valued at $5,000 or more that was under the care, custody, and control of the CPD, in violation of Title 18, United States Code, Section 666(a)(1)(A).

3. It was part of the conspiracy that ELIZONDO and SALGADO agreed to steal and misapply property and evidence, such as United States currency, controlled substances, and cartons of cigarettes, recovered during searches they conducted in their capacity as CPD officers.

4. It was further part of the conspiracy that ELIZONDO and SALGADO knowingly (i) submitted materially false "J. Doe" search warrant applications to Cook County judges; and (ii) caused individuals posing as "J. Doe" confidential informants to provide false information to Cook County judges, in order to fraudulently obtain search warrants that would enable the defendants to enter and to seize property at various locations, and thereafter steal and otherwise misapply the property.

5. It was further part of the conspiracy that ELIZONDO and SALGADO promised individuals providing information concerning criminal activity and acting as "J. Doe" confidential informants that they would receive a portion of the property seized from search locations.

6. It was further part of the conspiracy that ELIZONDO and SALGADO gave property seized from various search locations, including but not limited to United States currency, controlled substances, and cartons of cigarettes, to confidential informants in return for their information about illegal activity and their roles as "J. Doe" confidential informants.

7. It was further part of the conspiracy that ELIZONDO and SALGADO concealed their theft and conversion of property by, among other things, falsifying police reports, including details therein about the amount of property, such as United States currency, seized from various search locations and the disposition of this property.

8. It was further part of the conspiracy that ELIZONDO and SALGADO misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and

hid, the existence, purpose, and acts done in furtherance of the conspiracy, including by destroying and concealing, and attempting to destroy and conceal, evidence of the conspiracy and records of communications between the co-conspirators.

9. To effect the objects of the conspiracy, defendants did commit the following overt acts, among others, in the Northern District of Illinois, Eastern Division:

(a) On or about October 17, 2017, ELIZONDO and SALGADO distributed to Confidential Informant A a quantity of Phencyclidine ("PCP") that was in the custody, care, and control of the CPD as a payment to Confidential Informant A for information provided by Confidential Informant A.

(b) On or about November 25, 2017, SALGADO distributed to Confidential Informant B a quantity of marijuana in the custody, care, and control of the CPD as a payment to Confidential Informant B for information provided by Confidential Informant B.

(c) On or about December 18, 2017, after a confidential source ("CS-1") told ELIZONDO and SALGADO that he observed $25,000 and a quantity of narcotics inside a residence used by a drug dealer, ELIZONDO told CS-1 that he would give CS-1 and Confidential Informant A a portion of any property recovered inside the residence after ELIZONDO and his CPD gang team searched it.

(d) On or about December 19, 2017, SALGADO prepared a complaint in support of an application for a "J. Doe" search warrant of a residence that he knew contained materially false information.

5

(e) On or about December 19, 2017, ELIZONDO and SALGADO caused Confidential Informant A to appear before a Cook County judge and falsely pose as the source of information contained in the false "J. Doe" search warrant application.

(f) On or about December 19, 2017, SALGADO falsely swore under oath to a Cook County judge that the information contained in the false "J. Doe" search warrant application was true and correct.

(g) On or about December 20, 2017, ELIZONDO communicated on a cellphone with CS-1 and Confidential Informant A while he, SALGADO, and other CPD officers executed the false "J. Doe" search warrant.

(h) On or about January 28, 2018, ELIZONDO and SALGADO stole approximately $4,200 in United States currency recovered during the search of an Enterprise rental vehicle in Chicago.

(i) On or about January 29, 2018, at approximately 4:55 p.m., after SALGADO and ELIZONDO discovered that investigators had taken custody of the vehicle, ELIZONDO and SALGADO discussed SALGADO removing property from inside his home.

(j) On or about January 29, 2018, at approximately 5:03 p.m., ELIZONDO and SALGADO again discussed SALGADO removing property from SALGADO's home.

(k) On or about January 29, 2018, SALGADO departed work after his shift began.

(l)     On or about January 30, 2018, ELIZONDO and SALGADO deleted data contained on their cellular telephones, including but not limited to call records.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JUNE 2018 GRAND JURY further charges:

From no later than in or around July 2017, and continuing until at least in or around December 2017, at Chicago, in the Northern District of Illinois, Eastern Division,

XAVIER ELIZONDO, a/k/a "X," and
DAVID SALGADO,

defendants herein, together with Individuals A and B, and others known and unknown to the Grand Jury, did knowingly and willfully conspire to injure, oppress, threaten, and intimidate any person in any State, namely, Individuals 1, 2, and other residents of Chicago, each of whom was present and was believed to be present in the State of Illinois, in the free exercise and enjoyment of any right and privilege secured to them by the Constitution and laws of the United States, that is, the right to be free from an unreasonable search made pursuant to a warrant knowingly obtained through the use of false and fabricated information;

In violation of Title 18, United States Code, Section 241.

## COUNT THREE

The SPECIAL JUNE 2018 GRAND JURY further charges:

On or about January 28, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

> XAVIER ELIZONDO,
> also known as "X," and
> DAVID SALGADO,

defendants herein, embezzled, stole, purloined, and knowingly converted to their own use money of the United States, namely, approximately $4,200 in United States currency belonging to the Federal Bureau of Investigation;

In violation of Title 18, United States Code, Sections 641 and 2.

## COUNT FOUR

The SPECIAL JUNE 2018 GRAND JURY further charges:

1. Paragraphs 1(c) and 1(d) of Count One of this superseding indictment are incorporated here.

2. At times material to Count Four of this superseding indictment:

   a. A federal grand jury investigation assigned number 17 GJ 1065 was initiated in the Northern District of Illinois in 2017 and remained pending through the date of the return of this superseding indictment.

   b. During this federal grand jury investigation, the grand jury issued subpoenas and heard evidence concerning the commission of federal criminal offenses by ELIZONDO and SALGADO relating to the obtaining of property under the care, custody and control of the CPD by theft and fraud.

   c. On or about January 28, 2018, ELIZONDO, SALGADO, and other Chicago Police officers conducted a search of a rental vehicle. ELIZONDO and SALGADO recovered $18,200 from this vehicle.

   d. On or about January 28, 2018, SALGADO prepared and ELIZONDO approved a police report that made it appear that only $14,000 had been recovered from the vehicle.

   e. On or about January 29, 2018, SALGADO and ELIZONDO discovered that investigators, including a police officer assigned to the CPD's Internal Affairs Division, had taken custody of the rental vehicle.

f. On or about January 29, 2018, at approximately 4:55 p.m., after SALGADO and ELIZONDO discovered that investigators had taken custody of the vehicle, ELIZONDO told SALGADO to "relocate everything."

g. On or about January 29, 2018, at approximately 5:03 p.m., ELIZONDO instructed SALGADO to "make sure whatever you have in your house isn't there no more," and SALGADO replied, "Yeah, yeah."

h. On or about May 9, 2018, a criminal proceeding was initiated against ELIZONDO and SALGADO in the United States District Court for the Northern District of Illinois and was assigned federal criminal case number 18 CR 286. This federal criminal case remained pending as of the date of the return of this superseding indictment.

3. On or about January 29, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

XAVIER ELIZONDO,
also known as "X,"

defendant herein, knowingly attempted to corruptly persuade DAVID SALGADO, with intent to cause or induce SALGADO to alter, destroy, mutilate and conceal an object, namely, an object within SALGADO's residence, with the intent to impair the integrity and availability of this object for use in an official proceeding, namely, federal grand jury investigation number 17 GJ 1065 and federal criminal case number 18 CR 286;

In violation of Title 18, United States Code, Section 1512(b)(2)(B).

11

## COUNT FIVE

The SPECIAL JUNE 2018 GRAND JURY further charges:

1. Paragraphs 1(c) and 1(d) of Count One of this superseding indictment are incorporated here.

2. Beginning no later than in or around 2017, the Federal Bureau of Investigation began conducting a criminal investigation of ELIZONDO and SALGADO concerning potential violations of federal criminal law. That investigation included allegations that ELIZONDO and SALGADO were embezzling, stealing and converting to their use and to the use of others property obtained from various locations they had searched in their capacity as CPD officers.

3. On or about January 29, 2018, after ELIZONDO discovered the potential existence of an investigation of ELIZONDO and SALGADO, ELIZONDO instructed SALGADO to remove property from SALGADO's home.

4. One issue material to the investigation was whether, on or about January 29, 2018, SALGADO departed work after his shift began and returned home for the purpose of removing property from SALGADO's home.

5. On or about January 30, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

DAVID SALGADO,

defendant herein, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency within the executive branch of the

government of the United States, when he stated that he did not remember whether he had returned home on January 29, 2018, after initially leaving home for his 5 p.m. CPD shift.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SIX

The SPECIAL JUNE 2018 GRAND JURY further charges:

On or about January 30, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

XAVIER ELIZONDO,
also known as "X,"

defendant herein, with intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, did knowingly alter and destroy a record, namely, data contained on his cellular telephone, including but not limited to call records;

In violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT SEVEN

The SPECIAL JUNE 2018 GRAND JURY further charges:

On or about January 30, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

DAVID SALGADO,

defendant herein, with intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, did knowingly alter and destroy a record, namely, data contained on his cellular telephone, including but not limited to call records;

In violation of Title 18, United States Code, Sections 1519 and 2.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY