IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 18 CR 286 |
| | ) | Hon. Matthew F. Kennelly |
| | ) | |
| XAVIER ELIZONDO | ) | |

**DEFENDANT ELIZONDO'S OMNIBUS MOTIONS IN LIMINE**

NOW COMES the defendant, Xavier Elizondo, by and through his attorney, Michael F. Clancy, and respectfully moves the Court, in limine, as follows:

**I.    DISCLOSURE OF F.R.E. 404(b) AND 608(b) EVIDENCE**

  1. Elizondo requests the Court order the Government to give immediate notice of its intention to use at trial in the instant matter, either in its case in chief, cross-examination of the defendant, or in its rebuttal case, evidence of "other crimes, wrongs, or acts" of the defendant, as that phrase is used in section 404(b) of the Federal Rules of Evidence.  Under Rule 404(b), (1) the evidence must be directed toward a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence must show that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence must be sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice.  *United States v. Best*, 250 F.3d 1084, 1090-91 (7th Cir. 2001).  Rule 404(b) allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning.  *United States v. Gomez*,

1

763 F.3d 845, 856 (7th Cir. 2014). Elizondo asks that the information include, but not be limited to, the following:

(a) In regard to the notice, the Government should identify and describe:

(i) the dates, times, places, and persons involved in the crimes, wrongs, or acts;

(ii) the statements of each participant in the other crimes, wrongs, or acts;

(iii) the documents which contain evidence of the other crimes, wrongs, or acts, including when the documents were prepared, who prepared the documents, and who has possession of the documents; and

(iv) the issue or issues to which the Government believes such other crimes, wrongs, or acts evidence is relevant under F.R.E. 404(b).

2. Elizondo requests the Court to order the Government to disclose its intention to use evidence of specific instances of conduct of the defendant, as that phrase is used in F.R.E. 608(b).

(a) In regard to notice, the Government should identify and describe:

(i) the dates, times, places, and persons involved in the specific act of misconduct;

(ii) the statements of each participant in the specific acts of misconduct;

(iii) the documents that contain evidence of the specific acts of misconduct, including when the documents were prepared, who prepared them, and who has possession of the documents; and

(iv) the issue or issues to which the Government believes such other crimes, wrongs, or acts evidence is relevant under F.R.E. 608(b).

## II. PRECLUSION OF CERTAIN EVIDENCE

1. Elizondo requests the Court to enter an order precluding the Government from eliciting testimony or introducing evidence of the following:

(a) On at least two occasions, individuals whose homes were searched by Elizondo's team pursuant to a search warrant have told the F.B.I. that they had money in a drawer that was missing after the execution of the search warrant. The money that was purportedly taken was not inventoried by the search team members. As there is absolutely no corroboration that money was present at the time of the search, not to mention no evidence of who took possession of the money or if any money was even taken, such testimony/evidence against Elizondo is wholly improper.

(b) Testimony of any witnesses who served as informants that they received money or cigarettes from Elizondo absent evidence that the money or cigarettes was misappropriated from a prior search. Compensating informants is not illegal, per se. Without proof that the compensation was actually proceeds from a search, said evidence should be excluded.

(c) Any evidence that any acts performed outside of Chicago Police Department policy were illegal. Just because an act may not have comported with policy does not make it illegal.

(d)  Any testimony or argument that a general fear of police is an excuse for a witness changing his or her version of events at trial from earlier statements provided to investigators.

(e)  Any testimony that Elizondo used profanity or insulting language toward citizens, engaged in physical abuse or unlawful restraint of citizens, or promised to help informants with pending or future cases.  Further, Elizondo asks that the Government be precluded from suggesting impropriety concerning common police tactics used by Elizondo that may be offensive to jurors or inconsistent with Chicago Police Department policies (but that are not illegal or within the charged conspiracy).

In *United States v. Thomas*, 321 F.3d 627, 629 (7th Cir. 2003), the court explained that F.R.E. 403 requires district courts to exclude evidence if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Evidence is unfairly prejudicial if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.  *Id.*

### III.     PRECLUSION OF OPINION EVIDENCE

1.  At least two witnesses, Officers Treacy and Sanchez, gave opinions to investigating agents as to Elizondo's state of mind when it was discovered that the Internal Affairs Division and/or the F.B.I. was conducting an investigation. Specifically, those witnesses opined that Elizondo seemed nervous or scared. Elizondo requests that the Government be precluded from eliciting this opinion

testimony as to Elizondo's state of mind from these or any other witnesses, as basis of knowledge is wholly lacking. In addition, F.R.E. 602 provides that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.

2. Similarly, Elizondo moves for an order precluding the Government from eliciting opinion or hearsay testimony from officers or civilians regarding the integrity of Elizondo's team. For instance, no witness should be allowed to testify that he or she heard the team was dirty or did not follow protocol. Moreover, Elizondo asks the Court to bar any such testimony even if offered for the witness's state of mind, as it would be unduly prejudicial to Elizondo, especially if the rumor or hearsay was transmitted by another officer. For example, a witness testifying that he or she heard that Elizondo or his team was unethical to then explain that witness's subsequent acts or statements is extremely prejudicial and improper, and should be disallowed. The probative value of inflammatory characterizations is substantially outweighed by the danger of unfair prejudice to Elizondo. *See* F.R.E. 403.

## IV.   LAW ENFORCEMENT POLICY COMPARISON EVIDENCE

1. Elizondo is charged with acts he undertook as a Chicago police officer. This Court should bar the Government from eliciting from any of its witnesses a discussion of F.B.I. policy to suggest that a Chicago police officer not following F.B.I. policy is illegal or wrong. Namely, the Government should not be permitted to call an F.B.I. agent to testify as to how the F.B.I. conducts search warrants, how the

F.B.I. handles informants, etc. Any specific or general comparison testimony regarding agency policies is irrelevant and unwarranted. Also, the violation of police regulations or even a state law is completely immaterial as to the questions of whether a violation of the federal constitution has been established. *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006).

## V. ALLOWING HEARSAY TO REBUT RECENT FABRICATION

1. There are at least two recordings capturing Elizondo explaining to current or retired Chicago police officers that his actions were proper and he did not do anything illegal. Elizondo discusses the propriety of his behavior with both a retired Chicago police officer and a Chicago Police sergeant for whom Elizondo worked previously. Typically, the contents of those conversations would be considered inadmissible hearsay. However, in this case, since the conversations took place contemporaneously with or shortly after alleged misdeeds, the conversations rebut the express or implied charge that the declarant (Elizondo) recently fabricated his testimony or acted from a recent improper influence or motive in so testifying. *See* F.R.E. 801(d)(1)(b)(i).

## VI. MOTIVE OF GAMBLING EVIDENCE

1. There is one conversation captured by the Government wherein Elizondo discusses Super Bowl "squares." There is absolutely no other evidence of gambling. There are no casino records, no conversations with a bookie, no records from a horse track, or any other indication that Elizondo had an issue with gambling or had a motive to misappropriate funds to support a gambling habit. Considering the

Case: 1:18-cr-00286 Document #: 75 Filed: 09/09/19 Page 7 of 7 PageID #:484

widespread popularity of Super Bowl square pools, the fact that millions of people participate in them every year, and the lack of sophistication required to participate, there is nothing to suggest that purchasing a Super Bowl square portends a gambling problem. Elizondo moves the Court to bar the Government from arguing or suggesting that Elizondo had a motive to steal or misappropriate funds to use for gambling purposes. Such an argument is simply not supported by the evidence.

WHEREFORE, based on the foregoing, Elizondo respectfully moves this Honorable Court to grant these motions in limine, and enter orders granting the relief requested.

Respectfully submitted,

s/ Michael F. Clancy

MICHAEL F. CLANCY
53 W. Jackson Blvd., Suite 1401
Chicago, IL 60604
(312) 427-0288