IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 18 CR 286-1 |
| | ) | Hon. Matthew F. Kennelly |
| | ) | |
| XAVIER ELIZONDO | ) | |

**DEFENDANT ELIZONDO'S RESPONSE TO GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE**

NOW COMES the defendant, Xavier Elizondo, by and through his attorney, Michael F. Clancy, and respectfully responds to the Government's Consolidated Motions in Limine as follows:

I. EVIDENCE OF NON-CORRUPT CONDUCT

The defendant objects to this request on the basis that witnesses' past experiences with Elizondo would be extremely relevant to the state of mind of the witnesses and would help explain their interactions with Elizondo. It would be nearly impossible to examine these witnesses in a vacuum, as what happened on prior occasions would absolutely have influenced their impressions of the acts that occurred between the summer of 2017 and early 2018. Moreover, for judicial economy purposes, it would make sense to allow the defense to explore these topics during cross-examination, rather than during its case in chief. The defense fully understands the limitations of FRE 404(a)(2)(A) and 405(a) as it relates to reputation and opinion evidence. However, the defense must be permitted to

1

examine witnesses as to their state of mind, and that necessarily entails mentioning instances of non-corrupt conduct.

II.     PRECLUDE QUESTIONS AND COMMENTS THAT INVITE JUROR SPECULATION AS TO RECORDINGS, OR PORTIONS OF RECORDINGS, THE GOVERNMENT DOES NOT PLAY AT TRIAL

Elizondo does not plan to ask such questions or make such comments, and has no objection to this motion.

III.     REQUIRE BOTH SIDES TO OBTAIN PRECLEARANCE WITH THE COURT BEFORE ATTEMPTING TO IMPEACH WITH SPECIFIC INSTANCE OF CONDUCT UNDER RULE 608(b)

Elizondo intends to question witnesses as to their arrest histories. While arrests, standing alone, normally would not be admissible, in this case the witnesses' criminal backgrounds and familiarity with the criminal justice system will have a direct bearing on and help explain their testimony. Many of the potential witnesses in this case have lengthy rap sheets. They are well-versed in the give and take, and understand how to play the game with police officers. They know how to avoid formal charges, how to get charges reduced, how to get sentences reduced, and how to avoid prison time, etc. Thus, the defense posits that examining a witness on his or her complete history of interactions with law enforcement is not only probative of the truthfulness or untruthfulness of the witness, but relevant to a witness' state of mind and possible motives, interests, or biases. Elizondo would further note that obtaining preclearance before each impeachment attempt would be unduly burdensome and a waste of time.

Elizondo asks this Court to reserve ruling on examination of officers concerning their CPD disciplinary records, as at this point it is too difficult to predict which alleged conduct might be relevant.

IV. EXCLUDE FELONY CONVICTIONS OVER TEN YEARS OLD

Elizondo hereby gives notice of his intent to impeach a Government witness with a felony conviction older than ten years. Similar to his stance in the preceding section, Elizondo submits that a witness' full criminal history will go not just to his or her character for truthfulness, but will shed light on that witness' experiences with the criminal justice system. Therefore, felony convictions more than ten years old should be fair game. Also, drug convictions that are more than ten years old will be relevant for those witnesses who have a history of drug abuse, as it would affect their believability. The jury should be instructed to consider the testimony of drug addicts with caution.

Concerning Witness 1, the defense posits that the Court should specifically allow impeachment with both the 1992 and 2006 federal cases. Witness 1 was on supervised release for his 1992 drug case when he was arrested for the 2006 case. That arrest violated Witness 1's supervised release. Witness 1 was re-sentenced for the violation in December of 2006 and received an additional 33 months in prison. Witness 1 was not sentenced for his 2006 bank robbery until 2010, and he is currently on supervised release for that case. Thus, both cases are within the ten-year period, as the date of release from confinement is what matters under F.R.E. 609.

3

V.   PRECLUDE AN "I WAS JUST FOLLOWING ORDERS" DEFENSE ARGUMENT

Elizondo agrees with this motion, and asks this Court to grant same. The prejudicial effect of such an argument to Elizondo would be extreme. Because Elizondo anticipated that Salgado might raise such a defense, Elizondo filed a motion for severance. Elizondo still feels that a severance is appropriate in this case. It is anticipated that Elizondo and Salgado will present defenses that are antagonistic and conflicting to the point of being irreconcilable and mutually exclusive.

WHEREFORE, based on the foregoing, Elizondo respectfully moves this Honorable Court to grant the relief requested in his omnibus motions and in this response.

Respectfully submitted,

s/ Michael F. Clancy

MICHAEL F. CLANCY
53 W. Jackson Blvd., Suite 1401
Chicago, IL 60604
(312) 427-0288