**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 18 CR 286 |
| | ) | Hon. Matthew F. Kennelly |
| David Salgado | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SALGADO'S OBJECTIONS TO GOVERNMENT'S MOTIONS *IN LIMINE***

NOW COMES the Defendant, David Salgado ("SALGADO"), by and through his attorney, Michael J. Petro, respectfully submits his objections to the Government's Motions *In Limine* for the trial. SALGADO objects to the Government's following Motions *In Limine*:

**I.        EXCLUDE EVIDENCE OF NON-CORRUPT CONDUCT**

SALGADO objects to this Motion *In Limine*.  The Sixth Amendment's Confrontation Clause United States Constitution guarantees SALGADO broad latitude in cross examining his accusers. Because of the horrible character of the Government's criminal witnesses, a flat-out prohibition by this Honorable Court of this type of cross examination would deny SALGADO a fair trial. This ruling in favor of SALGADO would not prejudice the Government as they would still be able to object to individual questions at trial.  The Government's bare bones Motion provides numerous examples of what the Government perceives to be harmful cross examination questions.  In short, the Government is on the ready.  This Honorable Court should have no difficulty handling objections at trial.

II.     **PRECLUDE QUESTIONS AND COMMENTS THAT INVITE JUROR SPECULATION AS TO RECORDINGS, OR PORTIONS OF RECORDINGS, THE GOVERNMENT DOES NOT PLAY AT TRIAL**

SALGADO objects to this Motion *In Limine*.  The Sixth Amendment's Confrontation Clause United States Constitution guarantees SALGADO broad latitude in cross examining his accusers.  In short, a flat-out prohibition by this Honorable Court of this type of cross examination would deny SALGADO a fair trial. This ruling would not prejudice the Government as they would still be able to object to individual questions at trial.

III.    **REQUIRE BOTH SIDES TO OBTAIN PRECLEARANCE WITH THE COURT BEFOREATTEMPTING TO IMPEACH WITH SPECIFIC INSTANCE OF CONDUCT UNDER RULE 608(B)**

SALGADO objects to this Motion *In Limine*.  This cumbersome proposal is hopelessly vague and under-developed.  SALGADO is aware of the Federal Rules of Evidence and his obligation of candor to this Honorable Court.  There is no reason for this Honorable Court to enter an order that is hopelessly vague and under-developed.  SALGADO is fearful that the vague and under-developed nature of this request will subject him to sanctions in front of the jury.  This would deny SALGADO a fair trial.

IV.     **EXCLUDE FELONY CONVICTIONS OVER 10 YEARS OLD**

SALGADO objects to this Motion *In Limine*.  . SALGADO is giving the government notice he intends to impeach the following government witnesses with felony convictions older than 10 years.

A. Witness 1

Witness 1 has a drug distribution conspiracy conviction from 1992. This conviction should be admitted under FRE 609(b). Several courts have held that drug dealing is probative of truthfulness. *United States v. Smith*, 181 F.Supp.2d 904, 909 (N.D. Ill. 2002). Witness 1's 1992

conviction has probative value. Witness 1 was sentenced to a term of 131 months in custody and a term of supervised release for conspiracy to distribution heroin. While on supervised release for his heroin conviction, he is arrested for multiple counts of bank robbery in 2006. In March 2011 Witness 1 was sentenced to 128 months in custody for the bank robbery and for his 1992 supervised released violation. The Seventh Circuit has a five-part test to determine if the probative value of a prior conviction outweighs its prejudicial effect under FRE 609, the second factor is the subsequent criminal history. *Smith*, 181 F.Supp.2d at 909. Witness 1 was on supervised release and committed another offense. As the Court said in *United States v. Smith*, "…history of recidivism tends to eliminate any unfairly prejudicial effect from admission of these convictions." *Id.* at 909. Witness 1's 1992 drug distribution conviction should be admitted. The probative value of this conviction substantially outweighs its prejudicial effect.

B. Witness 2

Witness 2 has several drug possession and distribution convictions: 2016, 2002, 1997, 1996 (2), 1994. These prior convictions should be admitted under FRE 609. Again Witness 2 has a history of recidivism. The Government proffered that Witness 2 is going to testify about his lying to a judge to swear out a warrant. Under FRE 609(a), Witness 2's 2016 drug distribution conviction can be admitted. His prior convictions are probative of his credibility and should be admitted. The Government references in their Consolidated Motions *In Limine*, *United States v. Rucker* 738 F.3d. 878, 883-885, regarding lack of probative value of Witness 2's drug distribution convictions. In *United States v. Rucker*, the court admitted the witness' eleven prior convictions. The one conviction that was barred the court determined had little probative value. *Id.* at 885. Only one of Witness 2's drug distribution convictions is permitted under FRE 609(a).

3

Witness 2's six prior drug convictions are very probative of his truthfulness. The probative value of these convictions substantially outweighs its prejudicial effect.

### C. Witness 3

Witness 3 also has numerous felony convictions. Her prior felony convictions are probative of her truthfulness. The Government proffered that Witness 3 is going to testify about her lying to a judge to swear out a warrant. Witness 3's 2013 counterfeiting and 2012 disorderly conduct felony convictions can be admitted under FRE 609(a). Witness 3 has 2006, 2005, and 1995 drug distribution convictions. Witness 3 also has four prior felony drug possession convictions. Witness 3's seven drug convictions show a history of recidivism as such her prior drug distribution convictions are probative of her credibility and should be admitted. The probative value of these convictions substantially outweighs its prejudicial effect.

### D. Witness 4

Witness 4 has a 2014 felony conviction for retail theft and 2011 conviction for drug possession, these can be admitted under FRE 609(a). He also has a 2007 drug distribution and possession conviction. As previously stated, several courts have held that drug dealing is probative of truthfulness. *United States v. Smith*, 181 F.Supp.2d 904, 909 (N.D. Ill. 2002). Again, this drug conviction shows a history of recidivism. The probative value of this conviction substantially outweighs its prejudicial effect.

Witness 4 also has a 2001 conviction for passing a false check. This is a crime of dishonesty. According to FRE 609(a)(2), evidence of any crime involving a dishonest act or false statement must be admitted. This prior conviction is probative of his truthfulness and should be admitted.

### V. PRECLUDE AN "I WAS JUST FOLLOWING ORDERS" DEFENSE ARGUMENT

SALGADO objects to this Motion *In Limine*. SALGADO asked to sever his charges from co-defendant Elizondo. SALGADO still believes that severance is the only appropriate course of action for this Honorable Court for all parties to receive a fair trial. In short, SALGADO believes that his right to a fair trial should not be limited in some way by complaints by the Government and co-defendant Elizondo that his defense is in some way unfair to them. The evidence and truth should guide this court. SALGADO is entitled to a fair trial. There is no balancing test that applies to this strict requirement. This Honorable Court should deny this Motion *in Limine*.

WHEREFORE, SALGADO hereby requests that this Honorable Court grant his foregoing Defendant Salgado's Objections To Government's Motions In Limine;


Respectfully Submitted,

s/Michael J. Petro

Attorney for David Salgado
53 West Jackson Blvd Ste 630
Chicago IL 60604
312-913-1111

## CERTIFICATE OF SERVICE

I, Michael J. Petro, an attorney, state that I caused to be filed by electronic filing

(ECF) with the Clerk of the United States District Court for the Northern District of Illinois, the

foregoing:

### DEFENDANT SALGADO'S OBJECTIONS TO GOVERNMENT'S MOTIONS *IN LIMINE*

The undersigned also certifies, as to the following parties, that in accordance with

F.R.Civ.P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing

pleading, along with a notice of motion if required, were served pursuant to the district court's

ECF system on September 16, 2019.


Respectfully submitted,

 s/ Michael J. Petro

Attorney for David Salgado
53 West Jackson Boulevard, Suite 630
Chicago, Illinois 60604
312-913-1111