IN THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No. 18 CR 286-1 |
| v.  ) | |
| ) | |
| ) | |
| XAVIER ELIZONDO, ) | |
| Defendant ) | |

**DEFENDANT ELIZONDO'S MOTION FOR A JUDGMENT OF ACQUITTAL
AND MOTION FOR A NEW TRIAL**

  Defendant, Xavier Elizondo, by and through his attorney, Michael F. Clancy, pursuant to Rules 29(c) and 33 of the Federal Rules of Criminal Procedure, moves this Court for a judgment of acquittal on Counts One, Two, Three, Four, Five, and Six of the superseding indictment, and for a new trial.

**I. Motion for Judgment of Acquittal Pursuant to Rule 29 (c)**

  As the Court is aware, Rule 29 requires the entry of a judgment of acquittal where after viewing the evidence in the light most favorable to the United States, a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt. *Jackson* v. *Virginia*, 443 U.S. 307, 319 (1979). While this is difficult standard to meet, the verdict of a jury is not sacrosanct. *See United States v. Radomski*, 473 F.3d 728, 730 (7th Cir. 2007). As the Supreme Court has observed, "a properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt." *Jackson*, 433 U.S. at 318. A defendant challenging the sufficiency of the evidence of his guilt is not required… to demonstrate that no evidence at

1

all supports the conviction. Rather, a defendant must show only that the evidence does not support a finding of guilt beyond a reasonable doubt. *United States v. Rahman*, 34 F.3d 1331, 1337 (7th Cir. 1994). For the following reasons, Elizondo submits that there was insufficient evidence to support the jury's guilty verdicts on all counts, and specifically as to Count Four, on which the Court reserved ruling at the completion of the Government's case.

As to Count Four, the indictment alleged that Xavier Elizondo knowingly attempted to corruptly persuade DAVID SALGADO, with intent to cause or induce Salgado to alter, mutilate and conceal an object, namely, an object within Salgado's residence, with the intent to impair the integrity and availability of this object for use in an official proceeding, namely, federal grand jury investigation number 17 GJ 1065, and federal criminal case number 18 CR 286. It is clear from the evidence that even in the light most favorable to the prosecution, the Government failed to prove Elizondo guilty of Count Four beyond a reasonable doubt.

Under the Seventh Circuit Pattern Jury Instructions for 18 U.S.C. §1512, the Government must prove beyond a reasonable doubt that the defendant foresaw the particular official proceeding. The term "official proceeding" means a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, a Federal Grand Jury, Congress, a Federal Government agency which is authorized by law, or any proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce.

On January 29, 2018, at 4:54 p.m. and 5:05 p.m., Salgado called Elizondo and stated that the car was being towed by a man who would not identify himself. Further, Salgado relayed that there was a second man present who identified himself as being Lt. Moore with the Internal Affairs Division. In response to that information from Salgado, Elizondo told Salgado to "relocate everything." In the second conversation, Elizondo stated "make sure whatever's in your house isn't there no more."

It is apparent from all of the phone records admitted into evidence that both of those comments by Elizondo were made with no further or additional information, other than what Salgado had reported to Elizondo. It is true that after the comments were made both Elizondo and Salgado made additional calls to gather information about what was transpiring. However, there is no evidence or even reasonable inference that the federal government was involved in towing the car, or played any role whatsoever in the investigation that was underway. In fact, information the F.B.I was involved in the investigation did not come to light until early the next morning when a search warrant was conducted at Salgado's house. Accordingly, Elizondo did not attempt to persuade Salgado concerning the federal grand jury proceeding, federal criminal case, or any other official proceeding.

**II.    Motion for a New Trial Pursuant to Rule 33**

The Court erred in denying Elizondo's requested jury instructions and in overruling Elizondo's objections to the Government's instructions. Elizondo incorporates by reference the record of objections made at the jury instruction conferences.

The Court erred in denying Elizondo's pretrial motions, motions in *limine*, and motions at trial, all of which motions Elizondo incorporates herein as though fully set forth, including, but not limited to, multiple motions to sever, a Motion to Suppress Title III Recordings, and motions for mistrial.

The Court erred in denying Elizondo's oral motions and objections prior to and during the trial. The substance of all such motions, as reflected by official transcripts, are incorporated herein as though fully set forth.

As was customary during the course of the trial, Elizondo joined the motions and objections of his co-defendant where appropriate. The defense incorporates by reference the record of objections made in those written motions, as well as those made orally in open court. Moreover, Elizondo hereby adopts any and all arguments made in codefendant's post-trial motions that are applicable to Elizondo.

The cumulative effect of the variety of errors at trial requires that, in the interest of justice, Elizondo be granted a new trial.

### III. Conclusion

For all of the foregoing reasons, Defendant Xavier Elizondo respectfully requests that this Court enter a judgment of acquittal, or alternatively, order a new trial on all counts.

Respectfully Submitted,

/s/ Michael F. Clancy

Michael F. Clancy
53 W. Jackson #1401
Chicago, IL 60604
312-427-0288