**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18 CR 286** |
| | ) | |
| **XAVIER ELIZONDO** | ) | |
| **and DAVID SALGADO** | ) | |

### ORDER DENYING DEFENDANTS' POST-TRIAL MOTIONS

A jury convicted Xavier Elizondo and David Salgado, both Chicago police officers, on charges of conspiracy under 18 U.S.C. § 371 to steal property in the control of the Chicago police department in violation of 18 U.S.C. § 666(a)(1)(A); conspiracy to violate constitutional rights under 18 U.S.C. § 241; and theft of federal funds under 18 U.S.C. § 641. The jury also convicted Elizondo of obstruction of justice under 18 U.S.C. § 1512(b)(2)(B) and destruction of records in connection with a federal investigation under 18 U.S.C. § 1519, and it convicted Salgado on a section 1519 charge as well as a charge of making a false statement to a federal agent under 18 U.S.C. § 1001(a)(2). Elizondo has moved for a judgment of acquittal or for a new trial. Salgado has moved for a new trial.

### 1.      Elizondo's motion

Elizondo contends that the evidence was insufficient to convict him on any of the charges. In considering the motion, the Court views the evidence in the light most favorable to the government and asks whether any reasonable jury could have found him guilty beyond a reasonable doubt. *See, e.g., United States v. Wilson*, 879 F.3d 795, 802 (7th Cir. 2018). In his motion, however, Elizondo says nothing about the conspiracy, theft, and destruction of records charges but rather advances an argument only on the § 1512 obstruction charge (count 4 of the indictment). He has therefore forfeited the issue with regard to the remaining counts (counts 1, 2, 3, and 6). Regardless, the evidence was sufficient to permit a reasonable jury to convict him on each of those charges.

With respect to count 4, Elizondo contends that there was insufficient evidence for a reasonable jury to find beyond a reasonable doubt that he foresaw the particular

official proceeding at the relevant time. The Court disagrees. The evidence reflects that, as of the relevant time, Elizondo had worked with federal law enforcement as an FBI task force officer; he understood how federal investigations and grand jury proceedings typically worked and specifically that a grand jury is typically empaneled at the outset of an investigation; he was aware that a police internal affairs investigation directed at him and Salgado regarding corruption was being conducted; and he was aware that as a result it was likely that the FBI was involved. As the government puts it, "it was reasonable for the jury to infer that Elizondo connected all of these dots immediately after Salgado told him that Internal Affairs had towed the rental vehicle—or at least some point prior to the second corrupt phone call" on the relevant date. Gov't's Resp. at 26. In addition, later that same day Elizondo was recorded indicating his awareness of the FBI's involvement, from which a reasonable jury could infer his awareness that a federal grand jury had been or was about to be empaneled to investigate his conduct.

For these reasons, Elizondo is not entitled to a judgment of acquittal on count 4 or any other charge. And his motion for a new trial does not include any actual argument but rather simply adopts prior arguments made during the trial. The Court reaffirms all of those rulings and denies the motion for new trial.

**2.      Salgado's motion**

Salgado challenges what he contends was Elizondo's violation of *Batson* during jury selection. The Court does not recall a contemporaneous objection by Salgado, and if he made none he has forfeited the point. That aside, his argument lacks merit. Of the five attempted peremptory strikes in question, Elizondo withdrew one of them, the Court overruled one and seated the juror, and the Court upheld the other three, finding that Elizondo had no discriminatory intent. Salgado offers no argument regarding why the Court's overruling of the latter three challenges was erroneous, so he has forfeited that point as well. Regardless, the Court reaffirms its ruling made during the trial.

Salgado also challenges the Court's denial of his motion(s) for severance. The government contends that Salgado waived the point by failing to renew the motion at the close of the evidence, and if this is so then the Court agrees that the issue is waived or forfeited. *See, e.g., United States v. Cardena*, 842 F.3d 959, 980 (7th Cir. 2016).

Salgado does not contend that renewal would have been futile, so that potential argument is forfeited as well.

Regardless, the Court did not err in denying Salgado's motion(s). Salgado has not explained, let alone shown, how he was actually prejudiced by the joint trial. *See generally United States v. Maggard*, 865 F.3d 960, 971 (7th Cir. 2017). Salgado argues that the testimony of a witness, police sergeant Keith Olson, was "ineffective," *see* Def. Salgado's Mot. at 2, but he does not explain how it unfairly prejudiced him. He also argues that because Elizondo testified, the government called a rebuttal witness, Kathleen Brown, who "was allowed to testify that there were iMessages between Elizondo and Salgado on Salgado's phone," *id.* at 3, but again there is no argument regarding how this unfairly prejudiced Salgado. These points have been forfeited because Salgado has made them only in a perfunctory way, *see, e.g., United States v. Bonin*, 932 F.3d 523, 539 n.12 (7th Cir. 2019), but even if not there is no persuasive basis for a contention that this testimony harmed Salgado. (In particular, the evidence about the text messages was offered to show, and tended to show, that Elizondo had deleted them from *his* phone; it did not cast any blame on Salgado.) Finally, Salgado contends that Elizondo lied about him by stating that he had marijuana in his house and by testifying, falsely, that a particular photo depicted marijuana.[1] But this did not in any way tend to inculpate Salgado on the charges against him, which did not include marijuana possession. In sum, even if he has not forfeited or waived the issue, Salgado has not shown that he was actually or unfairly prejudiced by the denial of his motion(s) for severance.

Next, Salgado argues that the Court erred in overruling his request to call the lead trial prosecutor to testify regarding the preparation of a grand jury statement for government witness Antwan Davis. Again, however, there was no unfair prejudice in terms of the jury's consideration of the case. Salgado was able to elicit that Davis had given inconsistent testimony under oath. Salgado was also able to elicit testimony from

---

[1] Salgado attaches an affidavit from an individual who states that the bad in the photo contained cookies, not marijuana. The Court notes that it is fair to assume that Salgado could have called this witness to testify in rebuttal at trial, but he did not, and he offers no explanation for this.

an FBI agent regarding how the grand jury statement was prepared. Finally, Salgado had (and has) no basis for his contention that the government knowingly presented false testimony by Davis as trial; the inconsistency does not get him there. He has not shown a legitimate or compelling need for calling one of the trial prosecutors as a witness.

Finally, Salgado contends that the government inappropriately introduced evidence outside the time frame of the charged conspiracy after the Court excluded such evidence. The Court disagrees; the evidence that Salgado cites did not fall outside the appropriate time frame.

For these reasons, the Court denies Salgado's motion for a new trial.

### Conclusion

The Court denies defendant Elizondo's motion for a judgment of acquittal or a new trial [141] and defendant Salgado's motion for a new trial [143] for the reasons described in this order.

Date: January 23, 2020

_____
MATTHEW F. KENNELLY
United States District Judge

4