UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>XAVIER ELIZONDO, and<br>DAVID SALGADO | No. 18 CR 286<br><br>Judge Matthew F. Kennelly |

**GOVERNMENT'S RESPONSE TO JOINT MOTION FOR MISCELLANEOUS RELIEF**

Pursuant to the Court's order of September 14, 2020, the United States of America, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits this response to the defendants' joint motion for miscellaneous relief filed by counsel representing defendants in separate civil litigation.

**FACTS AND ANALYSIS**

1. There is no general protective order in this case. There is only a limited protective order that governs defense counsels' handling of City of Chicago (the "City") employee complaint histories and complaint register logs. R. 53. The current motion does not appear to implicate that order, expect possibly to the limited extent noted below. The government is not aware of any reason why the defendants cannot share the materials that they received in discovery in this case with their civil attorneys, except with regard to the limited City materials covered by the protective order.

2. The motion does not belong in this Court, except possibly to the limited extent that defendants are asking this Court to modify the protective order discussed above to allow criminal defense counsel to share the limited information covered by that protective order with defendants' civil defense counsel. This Court has entered final judgment as to both defendants, and both defendants have filed notices of appeal. *See* R. 198, 200, 207, 217. Consequently, this Court retains only limited "ancillary jurisdiction" which does not include jurisdiction over the matters discussed in the motion. *United States v. Wahi*, 850 F.3d 296, 298 (7th Cir. 2017), *citing Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, (1994) (holding that ancillary jurisdiction exists for the two limited purposes of (1) permitting factually interdependent claims to be resolved in a single proceeding; and (2) enabling the court to "manage its proceeding, vindicate its authority, and effectuate its decrees"); *see also U.S. v. Hocking*, 841 F.2d 735, 736 (7th Cir. 1988) ("District courts lose jurisdiction over most motions on the filing of a notice of appeal").

3. The motion raises a civil discovery matter that should be brought before the court handling the relevant civil suit(s), or, to the extent that previously undisclosed grand jury materials are sought, the chief judge. *See* Local Criminal Rule 6.1 ("All matters pertaining to grand juries shall be heard by the chief judge or his or her designee."). *See, e.g., In re Watts*, 19 CV 1717, R. 153, 1 n. 1 (explaining that, pursuant to Local Criminal Rule 6.1, the chief judge was handling a motion to disclose

grand jury transcripts that was filed in coordinated pretrial proceedings overseen by a different district court judge).

4. Notwithstanding the above, it is the government's position that defendants are restricted from disseminating to *other parties* (including the City) Title III materials that have not been publicly disclosed, at least absent prior judicial authorization. *See United States v. Dorfman*, 690 F.2d 1230, 1233 (7th Cir. 1982) (18 U.S.C. § 2517 bars all disclosures of Title III materials that it does not explicitly permit); *but see Securities and Exchange Commission vs. Rajaratnam*, 622 F.3d 150 (2d Cir. 2010) (Section 2517 does not preclude all disclosures that it does not expressly permit, but courts must balance civil litigants' need for Title III materials against competing privacy interests before authorizing civil defendants to disclose Title III materials received in discovery in parallel criminal proceedings).

5. Further, although Rule 6(e) does not apply to the defendants and there is no protective order covering the grand jury materials in this case, "residual secrecy" interests nevertheless adhere to the materials. *See State of Illinois v. Sarbaugh*, 552 F.2d 768, 775 (7th Cir. 1977). Consequently, if litigants seek grand jury materials, they should file a motion before the chief judge pursuant to Rule 6(e)(3)(E)(i), rather than subpoena the defendants for the materials. *See, e.g., In re Sulfuric Acid Antitrust Litigation*, 2004 WL 769376, *3-5 (N.D. Ill. 2004) (denying motion to compel civil defendants from turning over grand jury materials because, although civil defendants are not specifically identified as category of person subject to Rule 6(e), requested

3

production would result in disclosure of matters occurring before the grand jury); *Board of Ed. Of Evanston Tp. High School Dist. No. 202, Cook County, Ill. v. Admiral Heating and Ventilation, Inc.*, 513 F.Supp. 600, 604 (N.D. Ill. 1981) ("Grand jury secrecy would be emasculated if a party seeking discovery of its proceedings could do so by routinely obtaining that information from . . . defendants").

6. The City has never subpoenaed the government for its "criminal prosecution file," as motion states. R. 220, 4. Rather, in June 2020, the City issued subpoenas to defense counsel that sought "all discovery" items that defense counsel had received in this case R. 220-1, 3. When the government learned of these subpoenas, it contacted the City to explain certain concerns, including the concerns regarding previously undisclosed Title III and grand jury materials explained above.

7. As a compromise, the government agreed to produce for the City all evidence introduced publicly at trial and sentencing, including grand jury and Title III materials. The government produced those materials to the City on September 16, 2020. The City, in turn, agreed to withdraw its subpoenas to defense counsel while it reviews the government's production and determines whether to seek additional materials.

8. The defendants have never subpoenaed or otherwise requested discovery materials from the government in connection with the civil litigation.

9. The government will continue to work cooperatively with the City and with defendants, if asked. If, ultimately, the parties are unable to resolve their

discovery requests out of court, the City and/or the third parties should seek relief in the court handling the applicable civil suit(s) or with the chief judge.

## CONCLUSION

WHEREFORE, the government respectfully moves this Court to DENY the third parties' joint motion for miscellaneous relief without prejudice to refiling in the proper forum.

    Respectfully submitted,
    JOHN R. LAUSCH, JR.
    United States Attorney

By:   /s/ *Sean Franzblau*
    SEAN J.B. FRANZBLAU
    ANKUR SRIVASTAVA
    Assistant U.S. Attorney
    219 South Dearborn St., Rm. 500
    Chicago, Illinois 60604
    (312) 353-5305

Dated: September 21, 2020